IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD CLUTTER,                    )
                                   )
         Plaintiff,                )
                                   )
    vs.                            )  Civil Action No. 13-932
                                   )
CAROLYN V. COLVIN, ACTING          )
COMMISSIONER OF SOCIAL             )
SECURITY,                          )
                                   )
         Defendant.                )

O R D E R

AND NOW, this 26th day of August, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's primary contention is that the ALJ erred by failing to include in her RFC assessment restrictions accounting for the postural limitations that were identified by "two non-examining State Agency doctors" and Dr. Whitman, one of Plaintiff's treating physicians. Plaintiff argues that the ALJ's failure to include postural limitations in the RFC was "outcome determinative" under SSR 96-9p because he was limited to sedentary work. See (Doc. No. 13 at 5-6). Plaintiff also contends, among other things, that remand is required: (i) because the ALJ failed to explicitly state the weight she accorded to Dr. Whitman's opinion and (ii) because the ALJ assigned significant weight to "the State Agency doctors' opinions" identifying postural limitations but failed to incorporate those limitations in her RFC assessment. (Id.). After considering the arguments raised, and after careful review of the record, the Court finds that Plaintiff's arguments are without merit.

As an initial matter, the Court notes that Plaintiff cites to pages 54-55 and 68-69 of the transcript in support of his contention that "two non-examining state agency doctors opined a sedentary RFC with occasional postural" limitations, "both at the application and reconsideration levels." (Doc. No. 13 at 5). However, the record indicates that there only was one non-examining state agency medical consultant named Michael J. Niemsic, D.O., who completed two residual functional capacity assessment regarding plaintiff's physical limitations on April 19, 2011 -- one for the "DI claim at the Initial level" (Exhibit 1A) and one for the "DIB claim at the Initial level" (Exhibit 2A). (R. 47-74). Dr. Niemsic opined that Plaintiff could occasionally lift and/or carry 20 pounds, could frequently lift and/or carry 10 pounds, could stand and/or walk for 2 hours, could sit for 6 hours, and was unlimited in his ability to push and/or pull. He also found that Plaintiff could perform all postural movements occasionally. (R. 534-55, 68-69).

To that end, the Court finds that the ALJ's failure to explicitly incorporate into her RFC finding Dr. Niemsic's limitation to occasional postural movements is a harmless error under these facts. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). Indeed, the ALJ did note that her RFC determination was "consistent with and supported by" the opinion of the state agency medical consultant who "reviewed the file . . . and concluded that claimant's level of physical impairments were not disabling," and a restriction to occasional postural movements does not conflict with the finding that Plaintiff could perform sedentary work. See SSR 96-9p, 1996 WL 374185, at *7 ("[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work."); see e.g., Wilkinson v. Comm'r of Soc. Sec., 558 Fed. Appx. 254, 256-57 (3d Cir. 2014); Stubbs-Danielson v. Comm'r of Soc. Sec., 539 F.3d 1169, 1174 (9th Cir. 2008); Mays v. Comm'r of Soc. Sec., 739 F.3d 569, 579 (10th Cir. 2014).

Contrary to Plaintiff's assertions, nothing about SSR 96-9p or the cases on which Plaintiff relies requires a different conclusion in this case. As noted, SSR 96-9p indicates that sedentary work does not contemplate the ability to perform postural movements on a frequent basis and it further explains that:

> "[a]n ability to stoop occasionally . . . is required in most unskilled sedentary occupations. A complete inability to stoop would significantly erode the unskilled sedentary occupational base . . . but restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work. Consultation with a vocation resource may be particularly useful where the individual is limited to less than occasional stooping." 1996 WL 374185, at *8.

Dr. Niemsic did not find that Plaintiff could never stoop and therefore the inclusion of a restriction to occasional postural movements in the RFC would not have made an appreciable difference under these facts. See Mays, 739 F.3d at 579 (noting that a limitation to occasional postural movements does not conflict with the physical demands of sedentary work); see also Wilkinson, 558 Fed. Appx. at 256-57. Moreover, the cases cited in Plaintiff's brief are distinguishable on the grounds that they involved situations where the ALJ: (i) failed to address findings regarding a complete inability to stoop and/or bend; (ii) failed to resolve a conflict in the evidence regarding the ability to stoop; or (iii) failed to include postural limitations in the context of an RFC for light work. See e.g., Gority v. Astrue, 2011 WL 1225708, at *6 (W.D. Pa. 2011), Guyer v. Astrue, 2009 WL 482245, at *3-4 (W.D. Pa. 2009), Kobulnicky v. Astrue, 2013 WL 1290955, at *6 (W.D. Pa. 2013), Mistick v. Colvin, 2013 WL 5288261, at *2-3 (W.D. Pa. 2013)**,** Spaulding v. Halter, 11 Fed. Appx. 596, 600 (7th Cir. 2001), Butler v. Barnhart, 353 F.3d 992, 1001 (D.C. Cir. 2004), Chester v. Callahan, 193 F.3d 10, 13 (1st Cir. 1999).

In that regard, the Court acknowledges Dr. Whitman's finding that Plaintiff could never engage in any postural movements and agrees that this opinion did create a conflict in the record as to the frequency with which Plaintiff could stoop. However, unlike the cases upon which Plaintiff relies, the ALJ did not ignore that evidence and she did not fail to resolve the conflict between Dr. Whitman's opinion and her RFC determination. Of course, it is well-established that the ALJ is not bound by any of the opinions in the record and that the RFC determination is an exclusive function of the ALJ. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir.2011); Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). However, although an ALJ is not bound by the medical opinions in the record, the ALJ still must address any conflict that is created between the relevant medical evidence and her RFC finding. See Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981).

The Court finds that the ALJ discharged her duty here, as she addressed Dr. Whitman's opinion and explained why she did not fully adopt his RFC findings. (R. 17-22). The ALJ stated that she "fully considered the opinion expressed by Dr. Whitman" and she noted his finding that Plaintiff was limited in all postural activities. (R. 22). She explained that "[c]ertain aspects of [Dr. Whitman]'s opinion are in fact consistent with the residual functional capacity determined in this decision," but pointed out that he had "completed [the Medical Source Statement Form] prior to [Plaintiff]'s left hip replacement in January 2009." (R. 22). The ALJ noted that Plaintiff had complained to Dr. Whitman of severe hip pain one month before he completed his medical course statement and that Dr. Whitman had cited severe hip pain as a basis for his RFC findings. (R. 17; 257-58). Relying on the fact that "subsequent examination in October 2009 was unremarkable with no complaints of hip pain," the ALJ found that it was "reasonable to assume that there was some improvement in [Plaintiff's] overall physical functioning" since the time that Dr. Whitman had rendered his opinion. (R. 17, 22). Thus, in declining to adopt Dr. Whitman's findings as a whole, the ALJ did not make a "blanket assumption" of improvement in Plaintiff's

medical condition, but rather relied on objective medical evidence, and the fact that subsequent medical examinations and diagnostic testing had revealed essentially benign findings. (Id.) The Court thus finds that the ALJ properly resolved the conflicting evidence regarding Plaintiff's ability to stoop, and further finds that substantial evidence supports her rationale for why she declined to adopt Dr. Whitman's opinion as a whole. (R. 17-22).

To that end, the Court disagrees with Plaintiff's contention that remand is required because the ALJ never specifically stated the weight she accorded to Dr. Whitman's opinion. (Doc. No. 13 at 12). While the Court acknowledges that the ALJ never specifies the exact weight she assigned Dr. Whitman's opinion, she directly addressed his opinion and stated that "certain aspects" of his findings were consistent with her RFC finding, which demonstrates that she did give it some weight. (R. 22). Moreover, her discussion makes clear that although she did not give his opinion controlling weight, she did not outright reject it either, and the fact that she did not incorporate many of Dr. Whitman's extreme limitations also suffices to demonstrate that she did not assign substantial weight to his findings. While the ALJ should have directly stated the exact weight she assigned to the opinion, the Court is satisfied that her discussion of that evidence, read in the context of the entire decision, suffices to permit meaningful appellate review and suffices to show the extent to which she relied on his opinion in making her RFC determination. Plaintiff does not explain how the outcome would be different if the case were remanded so that the ALJ could add a sentence to her decision to clarify that she gave Dr. Whitman's opinion some but not a substantial amount of weight. Thus, any failure on the part of the ALJ to explicitly state the weight she gave to his opinion is harmless under these facts, as her discussion adequately demonstrates that she fully considered his opinion but decided, based on objective medical evidence post-dating his opinion, to not adopt his findings in their entirety.

Turning to Plaintiff's argument that remand is warranted because the ALJ allegedly accorded significant weight to the state agency "opinions" but failed to include the postural limitations identified therein, the Court finds that Plaintiff again misstates the record. In his brief, Plaintiff asserts that: the "ALJ says she accords 'great weight' to the State Agency doctors' opinions, and went further to say that her RFC finding is more restrictive than the sedentary RFC with occasional postural given by the two state Agency non-examining doctors . . . yet she issued an RFC finding for sedentary work with no postural limitations in it . . . ." (Doc. No. 13 at 5). As noted earlier, there was only one state agency opinion regarding Plaintiff's physical limitations, and the plain language of the ALJ's decision shows that she never made any such statement. To the contrary, the ALJ stated that she "assigned great weight to the opinion of the State Agency *Mental* Medical Consultant" but that she "has resolved all doubt in the claimant's favor, crediting as many of claimant's alleged symptoms as can reasonably be supported by this medical record, and given a more restrictive residual functional capacity than that postulated by the state Agency." (R. 23) (emphasis added). The context of the ALJ's discussion makes clear that she was referring to the state agency opinion regarding Plaintiff's mental limitations, and the Court notes that the ALJ did find Plaintiff to have more restrictive mental limitations than the non-examining mental health consultant found. (R. 55-57; 69-71).

In sum, the Court finds that substantial evidence supports the ALJ's evaluation of the medical and opinion evidence and the rationale underlying her RFC determination. The ALJ addressed the relevant evidence of record, resolved conflicts created by the evidence, and thoroughly discussed the basis for her RFC finding and why she declined to adopt in full the opinions which stated that Plaintiff was unable to work from both a physical and mental

4

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

standpoint. The Court finds that substantial evidence supports the ALJ's ultimate determination that Plaintiff retained the ability to perform work consistent with her RFC finding and accordingly affirms.